UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    Case No. 1-12-48130

In Re:                                                                                Chapter 13

MOHAMED HASSAN,

                Debtor.
-----------------------------------------------------------X

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND AFFIRMATION IN SUPPORT OF MOTION

    PLEASE TAKE NOTICE that upon the annexed affirmation of Neal S. Friedman a motion pursuant to 11 U.S.C. Sections 105, 11 U.S.C. Section 362 and Bankruptcy Rules Section 4001(a) and 9014 will be made as set forth below:

| | |
|---|---|
| JUDGE: | Hon. Carla E. Craig |
| RETURN DATE AND TIME: | Thursday, January 10, 2013<br>2:30 P.M. |
| PLACE: | U.S. Bankruptcy Court<br>Conrad B. Duberstein United States Bankruptcy Courthouse<br>Courtroom # 3529<br>271 Cadman Plaza East<br>Brooklyn, New York 11201-1800 |
| RELIEF REQUESTED: | An order granting applicant relief from the automatic stay with prejudice for a two (2) year period without prior approval of this Court; and for such other relief as this Court deems just. |

Dated: Great Neck, New York
       December 5, 2012

                                  **ROTHKRUG ROTHKRUG & SPECTOR, LLP**

                        BY: _____
                               Neal S. Friedman, Esq.

                               Attorney for Yair Kerstein
                               55 Watermill Lane, Suite 200
                               Great Neck, New York 11021
                               (516) 487-2252

RECEIVED 2012 DEC -5 A 9:51
CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

TO: Mohamed Hassan
133-01 116th Street
South Ozone Park, New York 11420
Pro Se

Michael J. Macco, Esq.
135 Pinelawn Road
Suite 120 South
Melville, New York 11747
Chapter 13 Trustee

Office of the United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Case No. 1-12-48130

In Re:                                                              Chapter 13

MOHAMED HASSAN,                                                     **AFFIRMATION**

                        Debtor.
----------------------------------------------------------------X

STATE OF NEW YORK    )
                                ss.:
COUNTY OF NASSAU     )

       NEAL S. FRIEDMAN, an attorney duly admitted to practice before this Court, affirms the following under penalty of perjury:

       1.      That I am the attorney for Yair Kerstein ("Applicant"), holder of a first mortgage on the premises known as 114-20 101st Avenue, Richmond Hill, NY 11419 ("Premises").

       2.      This affirmation is submitted pursuant to Bankruptcy Rules Sections 4001(a) and 9014 in support of Applicants' motion for an order vacating the automatic stay pursuant to 11 U.S.C. 362(d)(4)(B). Insofar as this case represents the fourth filing of a bankruptcy petition by this Debtor or an individual related to the Debtor - each of which having been filed immediately prior to a validly scheduled foreclosure sale - your affirmant is respectfully requesting that the Court, in exercising its discretion pursuant to 11 U.S.C. Section 105 and 11 U.S.C. Section 362(d)(4)(B), allow the inclusion of a decretal paragraph in Applicant's order which vacates the automatic stay with prejudice for a two (2) year period with respect to the Premises and for such other relief as this Court deems just. In compliance with General Order #533, completed form "Relief From Stay - Real Estate and Cooperative Apartments" follows this Affirmation for the review of the Court.

3. The jurisdiction of this Court is invoked pursuant to 11 U.S.C. 105, 11 U.S.C. 362, and the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. The affidavit of Yair Kerstein attests to the delinquent status of the Debtor's loan, and details the history of bankruptcy filings and dilatory litigation surrounding the subject premises.

5. Based on the existing default and the mortgages, liens, encumbrances and exceptions thereon, there is no non-exempt equity in said premises.

6. That by virtue of the foregoing there is cause to vacate the automatic stay.

WHEREFORE, your affirmant, as the attorney for applicant respectfully requests that an order be made and entered herein vacating the automatic stay, and for such other relief as to this Court seems just and proper.

Dated: Great Neck, New York
December 5, 2012

**ROTHKRUG ROTHKRUG & SPECTOR, LLP**

BY: _____
Neal S. Friedman, Esq.

Attorney for Yair Kerstein
55 Watermill Lane, Suite 200
Great Neck, New York 11021
(516) 487-2252

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case No. 1-12-45062

In Re:                                                                          Chapter 7

DPC REALTY CORP.,                                              **AFFIDAVIT**

                Debtor.
-----------------------------------------------------------X

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NASSAU    )

      Yair Kerstein, being duly sworn, deposes and says:

      1.      I am the Applicant in the instant proceeding and the holder of a second mortgage on the commercial premises known as 114-20 101st Avenue, Richmond Hill, NY 11419 ("Premises"), and I am fully familiar with the facts and circumstances surrounding this matter.

      2.      Applicant is an individual residing at 14 Robbins Lane, Lake Success, New York 11020.

      3.      On or before November 20, 2007, MOHAMED H. HASSAN A/K/A MOHAMED HASSAN (the "Debtor") executed and delivered to YAIR KERSTEIN, a mortgage loan note (the "Note") wherein and whereby the Debtor acknowledged himself to be indebted to YAIR KERSTEIN or his transferees in the principal sum of TWO HUNDRED THOUSAND and NO/100 ($200,000.00) DOLLARS together with interest at the rate of 13.00%.

      4.      As collateral security for the payment of the Note, the Debtor executed, duly acknowledged and delivered to the said YAIR KERSTEIN a mortgage dated November 20, 2007 in the principal amount of TWO HUNDRED THOUSAND AND NO/100 ($200,000.00) DOLLARS (the "Mortgage"), wherein said Debtor mortgaged to said mortgagee certain real

property, which mortgaged premises and all appurtenances thereto are more fully described in the Note and Mortgage collectively annexed hereto as Exhibit "A" and made a part hereof.

5. The said Mortgage was duly recorded in the Office of the Register of the County of QUEENS on February 8, 2008 under CRFN # 2008000054663, and the mortgage tax was duly paid thereon.

6. The Debtor has failed to comply with the terms and provisions of said Note and Mortgage by failing or omitting to pay the following monthly payments, each of which became due on the first day of the respective months:

MONTHS OF: August, 2009 up to and including the present, the amounts of which were calculated in accordance with the terms of the Note, $2,166.66 per month.

7. The following amounts are now due and owing on said Mortgage and the said instrument secured by said Mortgage, no part of any of which has been paid although duly demanded:

| | |
|---|---|
| ENTIRE PRINCIPAL BALANCE: | $200,000.00 |
| INTEREST THEREON FROM: | July 1, 2009 |
| AT THE RATE OF | AT THE HIGHEST RATE PERMITTED BY LAW AS PROVIDED IN THE AFORESAID NOTE |

8. As a consequence of the above referenced default, an action to foreclose the said mortgage was commenced in the Supreme Court, State of New York and County of Queens on August 12, 2010, under Index No. 20478/10. The Summons and Complaint are annexed hereto as Exhibit "B".

9. A Final Judgment of Foreclosure in the amount of $255,331.64 plus costs and interest was duly entered in the Office of the Clerk of the County of Queens on July 25, 2011. The Judgment is annexed hereto as Exhibit "C".

10. Foreclosure sales, scheduled and published pursuant to the terms of the said Judgment of Foreclosure on September 23, 2011, February 10, 2012, May 18, 2012, October 12, 2012 and November 30, 2012, were cancelled as a consequence of the Debtor's bankruptcy filings. Copies of the respective Notices of Sale, together with invoices for said Notices - in the amounts of $1,181.40, $1,181.40, $1,131.00, $1,282.20 and $1,315.80 - for a combined total of $6,091.80 - are collectively annexed hereto as Exhibit "D".

11. An Order to Show Cause filed by the debtor on the eve of the fourth scheduled foreclosure sale was marked "withdrawn" as a consequence of the Debtor's failure to appear at the hearing returnable on October 23, 2012.

## EXTREME DELAY THAT IS PREJUDICIAL TO CREDITOR

12. A total of four (4) separate and individual bankruptcy cases have been filed in connection with the premises which is the subject of Applicant's foreclosure action, each of which was filed prior to a scheduled foreclosure sale of the subject property by Applicant. Following is a brief history of each bankruptcy case:

(a) The first voluntary Chapter 13 bankruptcy case had been commenced by Mohammed Hassan a/k/a H & H Furniture Co., represented by counsel, with the filing of a bankruptcy petition in the Eastern District of New York on September 22, 2011, bearing Docket No. 11-48063 - on the eve of a duly scheduled foreclosure auction. An order dismissing the case was signed by the Hon. Carla E. Craig on December 23, 2011. Following the dismissal of the case, foreclosure proceedings were resumed.

(b)    A second voluntary Chapter 13 bankruptcy petition was filed by the Debtor, represented by counsel, on February 9, 2012, bearing Docket No. 12-40906 - one day prior to a duly scheduled foreclosure auction. An order dismissing the case was signed by the Hon. Carla E. Craig on March 30, 2012. Following the dismissal of the case, foreclosure proceedings were resumed.

(c)    A third voluntary Chapter 7 bankruptcy petition was filed by the Debtor, represented by counsel, on May 17, 2012, bearing Docket No. 12-43627 - one day prior to a duly scheduled foreclosure auction. An order discharging the Debtor was signed by the Hon. Carla E. Craig on August 27, 2012. Following the discharge of the Debtor, foreclosure proceedings were resumed.

(d)    The fourth and most current Chapter 13 bankruptcy case had been commenced by the Debtor, pro se, with the filing of a bankruptcy petition in the Eastern District of New York on November 29, 2012, bearing Docket No. 12-48130, one day prior to a duly scheduled foreclosure auction.

Copies of the respective filing notices, dismissals and discharge are collectively annexed hereto as Exhibit "E".

13.    As indicated by the history of bankruptcy filings above, the Debtor has commenced four (4) separate and individual bankruptcy cases, each of which were filed immediately prior to the date of a scheduled and published foreclosure sale of the subject property by Applicant.

14.    It is obvious to your affiant that the Debtor had commenced each bankruptcy case for the sole purpose of harassing Applicant and staying foreclosure activity.

15.    The effect of multiple bankruptcy cases has created extreme delay that has been prejudicial to Applicant. Due to the excessive mortgage default, Applicant shall be required to advance monies on behalf of the Debtor for payment of real estate taxes and hazard insurance in an

effort to avoid impairment of its lien or loss of its collateral.

16.     By virtue of the foregoing, the Debtor has used the Bankruptcy Code as a "sword" for the sole purpose of extending "rent free" use and occupancy of the subject property at the total expense of Applicant. It is therefore respectfully requested that the Court, in exercising its discretionary powers pursuant to 11 U.S.C. Section 105 and pursuant to 11 U.S.C. Section 362(d)(4)(B), vacate the automatic stay with prejudice for a two (2) year period without prior approval of this Court.

WHEREFORE, your affiant respectfully requests that an order be made and entered herein vacating the automatic stay with prejudice for a two (2) year period without prior approval of this Court, and for such other relief as to this Court seems just and proper.

Dated: Great Neck, New York
December 5, 2012

                                                                    _____
                                                                    Yair Kerstein

Sworn to before me
this 5th day of December, 2012.

_____
NOTARY PUBLIC

NEAL S. FRIEDMAN
Notary Public, State of New York
No. 4970882
Qualified in Nassau County
Commission Expires August 20, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    Case No. 1-12-48130

In Re:                                                            Chapter 13

MOHAMED HASSAN,

                       Debtor.
-------------------------------------------------------------X

## RELIEF FROM STAY – REAL ESTATE AND COOPERATIVE APARTMENTS

### BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT:
114-20 101st Avenue, Richmond Hill, New York 11419

2. LENDER NAME:  Yair Kerstein

3. MORTGAGE DATE: November 20, 2007

4. POST-PETITION PAYMENT ADDRESS: N/A

### DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE MOTION FILING DATE: $323,025.66 (Pre-Petition)
*(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $690,000.00

7. SOURCE OF ESTIMATED MARKET VALUE:    Broker Price Opinion

## STATUS OF THE DEBT AS OF THE PETITION DATE

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

A. TOTAL:                                                        $323,025.66

B. PRINCIPAL:   (Foreclosure Judgment & Costs)                   $257,256.64

C. INTEREST:                                                     $ 58,177.22

D. ESCROW (TAXES AND INSURANCE): (Taxes/Water)                   $

E. FORCED PLACED INSURANCE EXPENDED BY MOVANT:                   $

F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S):            $  1,500.00

G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S):                  $

9. CONTRACT INTEREST RATE: _____ N/A _____
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: ____.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: Advertising Notice of Sale  ($6,091.80) ($1,181.40 + $1,181.40 + $1,131.00 + $1,282.20 + $1,315.80)

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: _____ N/A _____

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: __ N/A __ PAYMENTS.

13. POST-PETITION PAYMENTS IN DEFAULT: N/A

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| TOTAL: | $ | $ | $ | $ | $ | $ |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

    A. TOTAL:      $_____

    B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION:      $_____

    C. FILING FEE IN CONNECTION WITH THIS MOTION:      $_____

    D. OTHER POST-PETITION ATTORNEYS' FEES:      $_____

    E. POST-PETITION INSPECTION FEES:      $_____

    F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES:      $_____

    G. FORCED PLACED INSURANCE EXPENDED BY MOVANT:      $_____

15. AMOUNT HELD IN SUSPENSE BY MOVANT:      $     N/A

16. OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: _____ N/A _____

_____

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: ____.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1) COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY. FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT A.)

(2) COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT  A  .)

(3) COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT A.)

## DECLARATION AS TO BUSINESS RECORDS

I, _____Yair Kerstein_____, THE _____ OF _____, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT Great Neck, New York
ON THIS 5th DAY OF December, 2012.

_____
Yair Kerstein
14 Robbins Lane
Lake Success, New York 11020

## DECLARATION

I, _____Yair Kerstein_____ THE _____ OF _____, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT Great Neck, New York
ON THIS 5th DAY OF December, 2012.

_____
Yair Kerstein
14 Robbins Lane
Lake Success, New York 11020

# New York City Buildings Comparable Sales Search for: 10116 101 Ave

## Property Type: n/a

### Current search criteria

- Sales within Two Miles
- Sales within the last 36 months
- Building class code(s) is G
- Transfer Type: Flip, Normal, Package Deal

### Search results statistics

| | |
|---|---|
| Number of properties found: | 3 |
| Low price: | $485,000 |
| High price: | $772,688 |
| Median price: | $655,000 |
| Median Price per SF: | $288 |
| Median Gross SF: | 2,261 |
| Value of subject property at Median Price per SF: | $690,000 |

### Search results

| Address | Seller & buyer | Building Class Time held | Date closed Transfer type | Distance Year built | Gross SF Building dimensions | Price per SF Neighborhood | Price/land SF Zip code | Sale price |
|---|---|---|---|---|---|---|---|---|
| 101-16 101 Ave | Sookdeo, Boodhan to Hassan, Mohamed | Garage - One Story (Semi-Fireproof or Fireproof) (G2) n/a | 11/13/2000 (recorded) No sale price | 0.00 1930 | 2,400 40 ft x 60 ft | n/a Richmond Hill | $0 11419 | n/a |
| 129-10 Atlantic Ave | Singh, Seeram to Amida Holdings Cor P | Garage - One Story (Semi-Fireproof or Fireproof) (G2) 8yrs 2mo | 6/27/2011 Normal | 0.70 1950 (estimated) | 1,596 58 ft x 22 ft | $410 Richmond Hill | $54 11419 | $655,000 |
| 97-08 150 St | M B Plastics, In C to Mehr 150 LLC | Garage - One Story (Semi-Fireproof or Fireproof) (G2) 33yrs 4mo | 2/9/2012 Normal | 1.54 1931 | 2,925 37.42 ft x 51 ft | $165 Jamaica | $111 11435 | $485,000 |



| 95-41 150 St | | | | | | | |
|---|---|---|---|---|---|---|---|
| The City Of New York | Unlicensed Parking Lot (G7) | 8/13/2012 | 1.58 | n/a | n/a | $309 | $772,688 |
| to 97-01 150TH Street, LI C | 28yrs 5mo | Normal | 0 | n/a | Jamaica | 11435 | |

Generated on Thu Nov 29 15:47:34 2012 at PropertyShark http://www.propertyshark.com